IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ROBERT A. LUDGOOD                                                         PETITIONER

V.                                                                                       2:04cv50-KS-RHW

MIKE WILSON, *et al.*                                                       RESPONDENTS

### MEMORANDUM OPINION AND ORDER
### DISMISSING THE PLAINTIFF'S PETITION

BEFORE THIS COURT are [1] the Petition of Robert A. Ludgood for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254 filed February 6, 2004 and [10] Respondent's Motion to Dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d), filed September 27, 2005. After review of the pleadings and records on file the Court finds the motion to dismiss is well-taken and should be granted.

### FACTS AND PROCEDURAL HISTORY

On, February 23, 1996, Petitioner Robert Ludgood was convicted by a Greene County Circuit Court jury of three counts of aggravated assault. The Circuit Court held a sentencing hearing on April 1, 1996 which concluded in Ludgood's being adjudicated an habitual offender under Miss. Code Ann. § 99-19-83,[1] and sentenced to serve concurrent sentences of life

---

[1] "Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation."

1

imprisonment on each count in the custody of the Mississippi Department of Corrections. Ludgood appealed, and on March 24, 1998, the Mississippi Court of Appeals affirmed his conviction and sentence. *Ludgood v. State*, 710 So.2d 1222 (Miss. 1998). Ludgood's petition for rehearing was denied June 30, 1998, and the Mississippi Supreme Court denied his petition for writ of *certiorari* by order filed August 20, 1998. Since Ludgood filed no petition for *certiorari* to the U.S. Supreme Court, his judgment became final for federal habeas limitations purposes on November 18, 1998, ninety (90) days after the August 20, 1998 final decision in state court. Ludgood filed a state court application for post-conviction relief March 21, 2001. The Mississippi Supreme Court denied that motion March 20, 2002.

Ludgood filed a federal habeas on March 21, 2003, Civil Action No. 2:03cv176, but subsequently moved to dismiss it. While that action was still pending, Ludgood filed the instant petition for writ of habeas corpus on February 6, 2004. By order dated February 10, 2004, U. S. Magistrate Judge John Roper, dismissed Civil Action No. 2:03cv176, "without prejudice, and the Petitioner is hereby given leave to file a revised and correct Petition for Writ of Habeas Corpus for all purposes."

## DISCUSSION

The time prescribed for filing a petition for federal habeas review of a state court judgment is set out in 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State

>   action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Ludgood had ninety (90) days from August 28, 1998 to file a petition for writ of *certiorari* to the U.S. Supreme Court. He filed no such petition, so at the expiration of that period on November 18, 1998, his conviction became final and the one-year limitations period for filing a federal habeas corpus petition began to run. See, *Roberts v. Cockrell*, 319 F. 3d 690 (5th Cir. 2003) ("The language of § 2244(d)(1)(A) provides that a decision becomes final 'by the conclusion of direct review or the expiration of the time for seeking such review.'"); *Bell v. Maryland*, 378 U.S. 226, 232 (1964) (time period in which petitioner could file a petition for writ of *certiorari* to Supreme Court must be considered in calculating date on which judgment becomes final). In the absence of some tolling of the limitations period, Ludgood's petition filed February 6, 2004 is time-barred.

The tolling provision of 28 U.S.C. § 2244(d)(2) does not apply here because Ludgood failed to properly file a motion for post-conviction relief in state court before the expiration of his one year limitations period on November 18, 1999. See *Flanagan v. Johnson,* 154 F.3d 196, 201 (5th Cir. 1998; *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

Ludgood's attorney urges that the one-year statute of limitations for Ludgood's federal habeas corpus action did not begin to run until final disposition of his state court application for post-conviction relief on March 20, 2002. However, as has already been noted, Ludgood did not file the state post-conviction until long after the one-year federal habeas statute of limitations expired, thus the filing of that motion tolled nothing, and the date of its disposition is of no import on the issue of timeliness of the petition filed in this case.

The same is true of Ludgood's first petition for federal habeas relief (2:03cv176) which was time-barred when it was filed, and still pending when the instant petition was filed. The dismissal of Civil Action No. 2:03cv176 without prejudice avails Ludgood nothing, as there was nothing to be preserved by such an order.[2]

Ludgood has presented no "rare and exceptional" circumstances to warrant any equitable tolling of the statute of limitations. See *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999); *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2000) ("equitable tolling should be applied only if the applicant diligently pursues § 2254 relief.") Ludgood filed nothing at all for over two and a half years after the Mississippi Supreme Court denied his petition for writ of *certiorari*. The post-conviction motion he filed March 21, 2001 was denied March 20, 2002, and Ludgood waited another year before filing his first federal habeas corpus petition. Then, almost eleven months after filing that petition, he filed the instant petition. The facts of this case do not demonstrate diligent pursuit of collateral challenges to Ludgood's conviction

---

[2] In *Duncan v. Walker*, 533 U.S. 167, 181 (2001), the U.S. Supreme held, "an application for federal habeas corpus review is not 'an application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition."

which would warrant any equitable tolling.  See *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

When, as here, a petitioner for relief under 28 U.S.C. § 2254 has presented claims that are either contrary to law or plainly refuted by the record, an evidentiary hearing is not necessary. *U. S. v. Green,* 882 F.2d 999, 1008 (5th Cir. 1989); *U.S. v. Raetzsch,* 781 F.2d 1149, 1151 (5th Cir. 1986); *U.S. v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985). Accordingly, petitioner's claims in this case do not merit an evidentiary hearing.

Upon due consideration of the Petition, pleadings on file and the relevant legal authority, the Court finds that Petitioner failed to file his petition for habeas corpus within the time allowed by the statute.   Respondent's [10] motion to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244(d), is well-taken and should be granted, and the petition  for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be dismissed.

A final judgment in accordance with this memorandum opinion and order will be entered.

**SO ORDERED AND ADJUDGED**, this the 28th day of March, 2006.


*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE